In the Matter of the Application of DONALD W. MACCREADY, Petitioner, for an Order of Mandamus against HENRY C. FAGAL, as Mayor of the City of Schenectady, and Others, Respondents.

Supreme Court, Schenectady County, February 28, 1936.

*Alexander Grasso,* for the petitioner.

*Thomas W. Wallace, Corporation Counsel,* for the respondents.

LAWRENCE, J. This is a mandamus proceeding. The petitioner was an honorably-discharged sailor, having served in the navy in the World war. On December 28, 1931, after certification by the civil service commission, he was appointed to a position in the department of health in the city of Schenectady, N. Y. During the time of his employment, and on November 16, 1935, the commissioner of health, to whom the petitioner was responsible, summarily discharged him for alleged misfeasance in office. No

such action could be taken under section 22 of the Civil Service Law.

Thereafter, and on or about December 2, 1935, specific charges were apparently mailed to the petitioner. Thereafter, and on or about December 5, 1935, the petitioner petitioned this court for peremptory order of mandamus. Notice of the presentation of such petition was made returnable at Schenectady January 22, 1936. Notice of this application was served.

The matter of the charges made came before the mayor on December 13, 1935. Petitioner, by his attorney, appeared specially and moved for a dismissal of the charges under section 22 of the Civil Service Law and that an application was then pending in court for his reinstatement. Petitioner's attorney was thereupon informed that the petitioner should return to work, which he did, and he has since been employed as formerly and received his full pay. Dismissal of the charges was not made on the merits.

Thereafter, and about December sixteenth, the same general charges were made against the petitioner and notice given for a hearing thereon to be held December 26, 1935. On December 21, 1935, petitioner secured an order to show cause, returnable at Canton, N. Y., on January 6, 1936, requiring the city authorities to show cause why they should not be stayed from proceeding under the last-mentioned charges, pending a decision on the original application for mandamus. This order to show cause stayed the proceedings, scheduled for December 26, 1935, until the return of the order.

Thereafter, and on December 26, 1935, the city authorities made a cross-motion, returnable at Canton, N. Y., January 6, 1936, to dismiss and discontinue the original application for mandamus instituted December 5, 1935.

By stipulation these various motions were heard together at Schenectady on January 22, 1936. The petitioner takes the position that as consent was given to the dismissal of the original charges, which were before the mayor on December 13, 1935, no new charges, based on the same grounds, could be made and that as the subsequent charges were based on those acts or grounds, they cannot be considered as a basis for dismissal for misfeasance, and that, therefore, no charges for misfeasance can be entertained unless they occurred subsequent to December 13, 1935. The city authorities take the position that since the charges which were before the mayor on December thirteenth were not dismissed on the merits, and as upon that date petitioner was directed to return to work, which he did, and as thereafter charges of the same import were made against the petitioner, they may, if sustained after a hearing, be made the basis of dismissal from the service.

There is no question but that petitioner's rights were violated by the original summary dismissal on November 16, 1935. However, at the hearing before the mayor on December 13, 1935, the charges were dismissed, but not on the merits, and the petitioner returned to work with that knowledge. He was, therefore, restored to his position and consented to such disposition. The question then arises as to whether any charges may now be made, based upon acts occurring prior to December 13, 1935. To refuse to allow a hearing on such charges would compel the city to employ a person claimed to be inefficient and incompetent and unworthy of public trust solely because he is a veteran. Such a determination does not promote the ends of justice or tend to secure honest and efficient public service. Carried to its logical conclusion, it would make it necessary for the municipality to maintain a detective force to look after and measure the honesty of employees.

I, therefore, determine that petitioner, by his acts, returned to work with knowledge that the charges against him were undetermined and thereby waived the benefit of the mandamus sought. Granting mandamus under those circumstances would seem an empty formality. What was sought by the original mandamus was a restoration of his status and back pay. Both have been accorded to him and accepted by him. The city should have the right to a hearing upon the charges made and petitioner should have a right to answer those charges and have them determined upon the merits.

Application for mandamus is, therefore, denied as of no avail. Motion to dismiss mandamus proceedings is granted and stay of proceeding before the mayor is vacated. No costs are allowed under the circumstances.